# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Kenneth Melton<br>324 Lanceolate Dr.<br>Winter Haven, FL 33880<br><br>　　　Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>5620 Southwyck Blvd, Suite 206<br>Toledo, OH 43614<br><br>　　　Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.   Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

1

8. Plaintiff has brought this claim within the timeframe permitted under the FDCPA.

9. In or around late November 2007, Defendant telephoned Plaintiff's mother's residence and left a recorded voice message.

10. In this message, Defendant stated that it was retained to initiate a lawsuit against Plaintiff for an outstanding debt.

11. In this message, Defendant threatened to serve Plaintiff that week.

12. In this message, Defendant threatened to garnish Plaintiff's wages.

13. In this message, Defendant threatened to put a lien on Plaintiff's home.

14. In this message, Defendant stated that Defendant was sure Plaintiff would want to speak with Defendant before the summons was served that Friday.

15. In or around early December 2007, Defendant telephoned Plaintiff's residence and left a voice message nearly identical to the communication referenced above.

16. Due to these communications and threats, Plaintiff assumed that Defendant was an attorney.

17. On or around December 3, 2007, Defendant telephoned Plaintiff's residence at approximately 9:45 pm EST and spoke to Plaintiff.

18. During this communication, while the parties were discussing a payment arrangement, Plaintiff stated that since Defendant was an attorney, Defendant should understand that Plaintiff would like the details of the agreement in writing.

19. In response to Plaintiff's request, Defendant began arguing with Plaintiff about where and how Plaintiff would get money, and at no time did Defendant clarify that Defendant was not an attorney or that Defendant did not work for a law firm.

20. As a result of Defendant's belligerent tone and lack of cooperation, Plaintiff felt that Defendant was trying to harass and humiliate Plaintiff.

21. During this communication, Plaintiff stated that Plaintiff was going to look into bankruptcy and Defendant responded that Defendant could not believe that Plaintiff would be so ridiculous.

22. On or around December 5, 2007, Defendant telephoned Plaintiff and left a recorded voice message.

23. In this message, Defendant stated that Defendant had telephoned Plaintiff's residence several times only to have Plaintiff's daughter purposefully hung up on Defendant each time.

24. In this message, Defendant insulted Plaintiff by stating that Defendant didn't know how Plaintiff ran things in Plaintiff's home.

25. In or around December 2007, approximately one week after the communication referenced immediately above, Defendant telephoned Plaintiff and again threatened to serve Plaintiff with a summons "within a day or so" and sarcastically wished Plaintiff "the best".

26. As a result of Defendant's threats, Plaintiff was frightened, and to avoid further embarrassment, Plaintiff informed Plaintiff's employer of the situation and that Plaintiff may be served a summons at work.

27. As a result of Defendant's threats, Plaintiff telephoned his mother the next day to ask if someone had come by his home to serve any legal documents.

28. At no time during the communications referenced above did Defendant inform Plaintiff that Defendant was a debt collector.

29. At the time of the communications referenced above, Defendant did not intend to sue Plaintiff to collect the debt.

30. At the time of the communications referenced above, Defendant could not have sued Plaintiff to collect the debt.

31. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

32. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. The Defendant violated 15 U.S.C. §1692c in that it telephoned Plaintiff after 9 o'clock postmeridian local time at Plaintiff's location.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

43. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

44. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

45. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

46. The Defendant violated 15 U.S.C. §1692e in that defendant failed to advise Plaintiff during verbal communications that defendant was attempting to collect a debt

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

47. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

48. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT NINE

### Violation of the Fair Debt Collection Practices Act

49. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

50. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT TEN

### Invasion of Privacy by Intrusion upon Seclusion

51. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

52. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

53. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

54. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

55. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

56. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## COUNT ELEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

57. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

58. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's mother.

59. The disclosure of the debt and threat of legal action to Plaintiff's mother is highly offensive.

60. Plaintiff's debt is not of legitimate concern to the public.

## **JURY DEMAND**

61. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

62. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:   /s/ Jeffrey S. Hyslip
   Jeffrey S. Hyslip
   Bar # 0079315
   Attorney for Plaintiff
   20 W. Kinzie Street, Suite 1300
   Chicago, IL 60610
   Telephone:  866-339-1156
   Email:  jsh@legalhelpers.com